# Ulysses Elgin Butter Company, Limited, *v.* Hartford Fire Insurance Company, Appellant.

*Limited partnership associations—Name of company—Contract—Act of June 2, 1874, P. L. 271.*

There is nothing in the Act of June 2, 1874, P. L. 271, requiring the word "Limited" to be used in the company's name in a contract under a penalty of a forfeiture of the right to recover thereon.

A departure from the strict style of a corporation will not avoid its contract if it substantially appears that the particular corporation was intended; and a latent ambiguity may under proper averments be explained by parol evidence in this as in other cases to show the intention.

*Insurance—Fire insurance—Proof of loss—Waiver.*

In an action upon a policy of fire insurance the question of the plaintiff's being relieved from the duty of furnishing a proof of loss, or the waiver on the part of the defendant of the necessity for the furnishing of the same, does not arise, where it appears that the plaintiff did not avail himself of any alleged waiver, and voluntarily submitted proofs of loss which were the subject of correspondence between the parties.

*Insurance—Agent—Declarations—Evidence.*

Declarations of the agent of an insurance company as to matters coming from the company itself, are admissible to bind the company in an action upon a fire policy.

*Appeals—Practice, C. P.—Insurance.*

On an appeal from a judgment on a verdict in favor of plaintiff in a suit on a fire insurance policy, the question whether the policy was not avoided by the stoppage of work in the factory insured for more than ten days, will not be considered by the appellate court, where the question was not raised in the court below in such a way as to require the appellate court to pass upon it as a question of law.

*Insurance—Fire insurance—Proofs of loss—Incumbrances.*

Where a policy of fire insurance requires that if fire occurs, the insured shall give immediate notice of loss in writing to the company, stating among other things "all incumbrances" on the property, and the insured fails in his proof of loss to fill in a blank relating to incumbrances, and his attention is called to this failure, and this is unheeded, although a judgment had been entered which was a lien against the property, it is error for the court to leave it to the jury to determine whether it was the duty of the insured, under the circumstances, to furnish the information as to the judgment. Such a question is for the court.

*Practice, C. P.,—Trial—Order of proof—Offer of testimony out of time—Discretion of court.*

Ordinarily an offer of testimony out of time is an appeal to the discre-

tion of the court, and it is only in extreme cases that the appellate court will interfere in any way with the exercise of such discretion.

Argued Oct. 30, 1901.    Appeal, No. 31, Oct. T., 1901, by defendant, from judgment of C. P. Potter Co., Sept. T., 1900, No. 211, on verdict for plaintiff in case of Ulysses Elgin Butter Company, Limited, v. Hartford Fire Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Assumpsit upon a policy of fire insurance.

At the trial plaintiff's counsel offered in evidence the policy, plaintiff's exhibit A, a copy of which was served upon the defendant company, in accordance with the rules of court, policy dated August 17, 1899, and signed by the officers of the company, and countersigned by Collins & Elliott, Coudersport, Pa.

Objected to by counsel for the defendant for the reason that the policy offered in evidence is a policy to the Ulysses Elgin Butter Company, and this suit is brought in favor of the Ulysses Elgin Butter Company, Limited, and the title to the land offered in evidence, is to the Ulysses Elgin Butter Company, Limited.

The Court: As I understand it, the objection is that this action is brought in the name of the Ulysses Elgin Butter Company, Limited, and the policy is to the Ulysses Elgin Butter Company.    The word " Limited " is not used.

Mr. Dornan : Yes, sir, that is it.

Objection overruled, to which ruling by the court, counsel for the defendant except, and at their request this bill is sealed. [1]

Counsel for the plaintiff then offered in evidence the proof of loss, plaintiff's exhibit D, with the registry receipt of the Hartford Insurance Company, of Hartford, Conn., to be followed by letters from G. W. Kear, who now represents the defendant company in court, acknowledging the receipt of the papers, and otherwise corresponding in regard to them.

Objected to by counsel for the defendant as evidence in this case, for the reason that, upon its face, it represents to be proof of loss of the Ulysses Elgin Butter Company, and the parties claiming the loss alleging themselves to be the Ulysses Elgin

Butter Company, Limited, and the insurance claimed to be the insurance of the Ulysses Elgin Butter Company, signed by George Henry, president, who, taken with the whole, purports to be the president of the Ulysses Elgin Butter Company, and not the Ulysses Elgin Butter Company, Limited.

Objection overruled, to which ruling by the court, counsel for the defendant except, and at their request this bill is sealed. [2]

" Q. What did he say about the company denying liability, or anything of that kind? "

Objected to as incompetent and irrelevant. The declarations of Mr. Collins would not be evidence against the defendant company.

This to be followed by information from Mr. Collins that the company would deny liability and object to his making out proof of loss.

The Court: How long after the fire do you say that was?

Mr. Lewis: Only a very few days.

The Court: I think you may ask him whether Mr. Collins said anything about the liability, as language as coming from the company.

Objection overruled, to which ruling by the court, counsel for the defendant except, and at their request the bill is sealed. [3]

" Q. Answer that, what Mr. Collins said to you, about his instructions from the company. A. He told me, in a few days, that he had notice from the company that they denied liability, and ordered them not to make out the proofs of loss."

Plaintiff's points were as follows:

4. If the jury believe that the defendant's agent furnished the blank for the proof of loss, and the plaintiff furnished all the information which the blank required, as shown in this case, it is for the jury to determine whether the objections of the defendant company were in good faith or not; and it is also for the jury to determine whether the statement furnished is as particular as the case will admit of. *Answer:* We affirm this point, also. [4]

6. That the technical seizure of the property insured, by the sheriff, and the advertisement for sale will not, in itself, render the policy void, and the jury may find for the plaintiff, regard-

less of these facts.   *Answer :* We affirm this point, also, if it is a mere technical seizure of the property. [5]

. Defendant's points were as follows:

1. That under the evidence in this case, concerning the proofs of loss furnished by plaintiff, and the neglect or refusal by plaintiff to furnish further information concerning the same, when requested by the defendant company, or its agents, that the verdict must be for the defendant.   *Answer :* We decline to affirm this point, just as it stands. [6]

2. That under the undisputed evidence in this case, concerning the levy upon and notice of sale of this property, the plaintiff cannot recover.   *Answer :* This is declined. [7]

3. That as no notice was given to the defendant by the plaintiff, or its agents or attorneys, of the levy upon, and advertisement for sale by the sheriff, of the property insured, and as such levy and advertisement was such a concealment of a material circumstance concerning the property insured as to vitiate said insurance under the conditions of said policy, that the verdict must be for the defendant.   *Answer :* This is declined. [8]

4. That under all the evidence in this case plaintiff cannot recover.   *Answer :* This is declined. [9]

The court charged in part as follows :

. . [Now the question for your consideration (you have heard this proof of loss, it has been read over and over again), is, whether this company, that is, the plaintiff company, furnished, in good faith, such proofs of loss as, under the facts and circumstances of the case, they were required to furnish, under the terms of the policy.   There were no objections made by the company in New York city, the Hartford Fire Insurance Company, to the proofs of loss, and some things were pointed out by them. Now, was that objection made in good faith, or were those objections merely frivolous, and of themselves evidence of bad faith, and of an effort on the part of the company to stave off, or possibly, by some subterfuge, defeat all possibility of a recovery by this plaintiff?   You will recollect that the correspondence which seems to have occurred between Mr. Lewis, who seems to have been the attorney of this plaintiff company, and the agent of the Hartford Fire insurance oompany, right after receiving the letter from the Insurance Company object-

ing to the proof of loss, he wrote them, asking wherein it was defective, and the reply then came in which some things were pointed out. It is alleged many of these things pointed out as defects were not defects at all. The jury will be the judges of that. And others, it is alleged, were not required by the terms of the policy.] [10]

Then, for twenty-eight days it lay in about that situation, when finally a declination of this whole matter was made by the company.] [11]

[And did the company then frivolously, and triflingly object to the proof of loss, not in good faith, but with the intention of putting the plaintiff to unnecessary trouble, instead of trying to assist the plaintiff in arriving at a proper proof of loss? Now, then, these questions are for you.] [12]

[If you should find that it was not a reasonable time, or that the objections were frivolous and trifling, we say to you that that would be a waiver, and the plaintiff could recover, notwithstanding the situation.] [13]

Verdict and judgment for plaintiff for $1,028.67. Defendant appealed

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions. (4–13) Above instructions, quoting them.

*H. C. Dornan* and *John Ormerod,* for appellant.—An insurance company has the right to know whose property it is insuring: Freedman *v.* Fire Association of Phila., 168 Pa. 253.

Proofs of loss are for the court, who must judge of their sufficiency in seeing that the requirements of the policy have been complied with: Kittanning Ins. Co. *v.* O'Neill, 110 Pa. 548; Com. Ins. Co. *v.* Sennett, 41 Pa. 162; Klein *v.* Franklin Ins. Co., 13 Pa. 247; Beatty *v.* Lycoming County Mut. Ins. Co., 66 Pa. 9.

Waiver is essentially a matter of intention, and to establish it, there must be some declaration or act from which the insured may reasonably infer that the insurer does not mean to insist upon the right, because of a change of position induced thereby, it would be inequitable to enforce: Beatty *v.* Lycoming County Mut. Ins. Co., 66 Pa. 9; National Ins. Co. *v.* Brown, 128 Pa. 386; Freedman *v.* Washingtont Ins. Co., 175 Pa. 360; Everett *v.* London, etc., Ins. Co., 142 Pa. 332.

A failure to furnish additional proofs in accordance with the objections made, would not be a compliance with the terms of the policy: Thomas v. Western Ins. Co., 5 Pa. Superior Ct. 392; Langan v. Royal Ins. Co., 162 Pa. 357.

*W. I. Lewis*, for appellee, cited as to the name of the company: Clarke v. Potter, 1 Pa. 159; Commercial Bank v. French, 38 Mass. 486.

As to the proof of loss: Boyle's Sons v. Hamburg Bremen Fire Ins. Co., 169 Pa. 349; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350; Moyer v. Sun Ins. Office, 176 Pa. 579; Gould v. Dwelling House Ins. Co., 134 Pa. 588; Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73; Carpenter v. Allemannia Fire Ins. Co., 156 Pa. 37; Susquehanna Mut. Fire Ins. Co. v. Cusick, 109 Pa. 157; Thierolf v. Universal Fire Ins. Co., 110 Pa. 37; Lycoming County Mut. Ins. Co. v. Schollenberger, 44 Pa. 259.

OPINION BY BEAVER, J., May 22, 1902:

The plaintiff is a joint stock or partnership association, organized under the Act of June 2, 1874, P. L. 271. It seeks to recover upon a policy of insurance issued by the defendant to the Ulysses Elgin Butter Company. The suit was originally brought in this name but, upon the trial, leave was granted, upon motion, to amend by adding the word " Limited." The record of the formation of the partnership association was given in evidence as was also the deed for the land upon which the building was erected, for the destruction of which by fire, recovery was sought under the policy issued by the defendant. There was, therefore, no question as to the identity of the plaintiff or of the property destroyed, and, if there had been, that question was distinctly submitted to the jury and the verdict determines it.

1. The question as to the right of the plaintiff to recover by reason of the variance between the name of the plaintiff, as fixed by the amendment, and the name in the policy of insurance upon which suit was brought was raised in various ways and is raised here under the first, second and ninth assignments of error. We are of opinion that there was no fatal variance between the name of the plaintiff and the name of the company,

as contained in the policy. There is no statutory penalty in the act under which the plaintiff company was organized which prevents a recovery. The failure to use the word " Limited." plainly painted or affixed upon the buildings of the company, and printed in notices and upon checks, bills of lading, letters, etc., makes the individual members of the company, participating in such omission or knowingly acquiescing therein, liable for any indebtedness, damage or liability arising therefrom, but there is nothing in the act requiring the word " Limited " to be used in contracts under penalty of a forfeiture of the right to re-. cover thereon. In the absence of any statutory provision upon the subject, we are, therefore, left to the general rule which governs in such cases. As early as the case of the President, Managers and Company of the Berks & Dauphin Turnpike Road v. Myers, 6 S. & R. 12, Chief Justice GIBSON said : " In plead-. ing, the style or corporate name must be strictly used ; and, while the law was, that a corporation could speak only by its seal, the same strictness in the use of the style was also neces- sary in contracting ; but, when the courts began to allow these artificial beings most of, if not all, the attributes of natural existence and to permit them to contract pretty much in the ordinary manner of natural persons, a correspondent relaxation in the use of the exact corporate name for purposes of desig- nation necessarily followed. I take the law of the present day. to be that a departure from the strict style of the corporation will not avoid its contract, if it substantially appear that the particular corporation was intended ; and that a latent ambi- guity may, under proper averments, be explained by parol evi- dence in this, as in other cases, to show the intention :" Hendel et al. v. Berks, etc., Turnpike Road, 16 S. & R. 92; Clarke et al. v. The County of Potter, 1 Pa. 159. Independently, there- fore, of the allegation that the defendant's agent was directed to insert the name " Limited " in the policy, there was no such variance between the name under which plaintiff sought to re- cover and that contained in the policy of insurance which of itself prevented a recovery.

2. As we view this case, the questions of the plaintiff's being relieved from the duty of furnishing a proof of loss or the waiver on the part of the defendant of the necessity for the furnishing of the same do not arise, for the reason that the

plaintiff did not avail itself of any alleged waiver and voluntarily submitted proofs of loss which were the subject of correspondence between the parties. The evidence received, in pursuance of the offer contained in the third specification of error, is immaterial and does not, in view of subsequent acts of the parties, affect the question of waiver one way or the other. Even if it did, however, we think the manner in which the court guarded the offer and confined it to what was said by the agent as language coming from the company made it unobjectionable. Collins was the unquestioned agent of the company. Whether or not he had authority to bind the company by his own declarations in regard to their liability might have been a question but, when the declarations were confined to what came from the company itself, there could be no well founded objection thereto. The third specification of error is, therefore, also overruled.

3. In the statement of the questions involved, the appellant raises this inquiry : " Factory insured ceased operation for more than ten days, contrary to terms of policy : question, was policy avoided ? " This question does not seem to have been raised in the court below and is certainly not raised by any of the defendant's points for charge. It was a question, under all the evidence in the case, for the jury. If considered by them, it was found in favor of the plaintiff and, if not specially considered, it is due to the fact that the defendant failed to ask the court to direct their attention specially to it. It is possible that the building was not used for the actual manufacture of butter at the time of the fire. Was it used, however, as manufacturing establishments of that kind are used in the ordinary course of business during the winter time ? This we take it would be the real question to be considered by the jury. It was not raised in the court below in such a way as to require us to pass upon it as a question of law here.

4. A single other question remains. Under the provisions of the policy, it is made the duty of the insured " If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company . . . . stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss

thereon, all incumbrances thereon, all other insurance, whether valid or not, covering any of said property," etc.   The plaintiff undertook, in accordance with the terms of the policy, to furnish the defendant proofs of loss.   In the blank furnished for that purpose there occurs this provision: " No assignment or transfer or incumbrance or change of ownership or occupancy of the property described has been made since the issue of said policy, except as follows: . . . . ."   This blank was left unfilled, notwithstanding the fact that the judgment above referred to had been entered and proceedings to sell the property had been taken thereupon.   The failure to fill this blank was specially called to the attention of the plaintiff in a letter dated May 18, 1900, in which it is stated: "We have a communication dated April 26, from Mr. W. I. Lewis, attorney, Coudersport, Pa., with paper purporting to be proof of total loss under above policy.   Said paper does not state whether any ' other person or persons ' had any interest, nor whether there has been ' an assignment, transfer or incumbrance or change of ownership or occupancy of the property described since the issuance of the policy.'   Possession and occupancy at the time of the fire is not stated.   Cause of fire is simply stated as ' unknown.'   There is no statement or schedule of loss as to ' the quantity and cost of each article and the amount claimed thereon,' nor ' the cash value of each item thereof and the amount of loss thereon,' and said paper is otherwise incomplete and unsatisfactory, and is rejected and held subject to your order.   We are informed that at the time of fire property insured was in the hands of the sheriff and advertised for sale.   See lines 20 to 22 of conditions of policy.   Neither admitting nor denying liability under said policy, reserving all rights thereunder and waiving none of the conditions or stipulations thereof, very truly yours, G. W. Kear, Special Agent."   The court left it to the jury to say whether " the plaintiff had furnished in good faith such proofs of loss as under the facts and circumstances of the case they were required to furnish, under the terms of the policy ; " and further says, which is assigned for error: " There are objections made by the company in New York city—the Hartford Fire Insurance Company—to the proofs of loss, and some things were pointed out by them ; now, was that objec-

tion made in good faith or were those objections merely frivolous and of themselves evidence of bad faith, and of an effort on the part of the company to stave off or possibly by some subterfuge defeat all possibility of a recovery by this plaintiff?" The one object of the furnishing of proofs of loss is to enable the insurer to determine whether or not the claim for insurance should be contested. It is made the duty of the insured in the policy to give the insurer certain information, particularly information as to incumbrances. The attention of the insured in the blanks furnished for proof of loss is specially directed to this subject, and contains a special inquiry in relation thereto. In the proofs of loss furnished by the plaintiff in this case this inquiry was not answered. Special attention was called to the failure to answer, and yet no response made. Was it the duty of the insured, under the circumstances, to furnish this information? This, it seems to us, was a question for the court. Certainly the effort to obtain information in regard thereto was not frivolous and of itself evidence of bad faith. "They (proofs of loss) are conditions precedent and for the court, and, by and in writing, the question of sufficiency is to be decided by them:" Com. Ins. Co. v. Sennett et al., 41 Pa. 161; Kittanning Ins. Co. v. O'Neill, 110 Pa. 548; Cole Bros. v. Manchester Fire Assurance Co., 188 Pa. 345; Cummins v. German Am. Ins. Co., 192 Pa. 359. We, therefore, sustain the tenth, eleventh, twelfth and thirteenth assignments of error. This would be fatal to the plaintiff's right to recover, unless notice of the incumbrance upon the property destroyed by the entry of the judgment, December 26, 1899, had been previously given, and such notice should be construed to be an answer to the inquiry contained in the proof of loss.

Inasmuch as the time and character of that notice were not in evidence for the reason that the offer to prove it was made after the testimony had been closed and was ruled out by the court, we do not now determine this question. Ordinarily the offer of testimony out of time is an appeal to the discretion of the court and it is only in extreme cases that we would interfere in any way with the exercise of such discretion. We are satisfied, however, that, if the court had regarded this question as of the vital importance which it assumes in our view of the

case, the evidence would have been admitted. We do not determine the sufficiency of this evidence to affect the company or to relieve the plaintiff from the duty of responding to the inquiry as to incumbrances in the proofs of loss. It may have some bearing, however, upon the question of the sufficiency of the proofs of loss and in enabling the court to reach a satisfactory conclusion in regard thereto.

On the whole case, as presented to us, and in view of the incomplete and unsatisfactory condition of the record by reason of the failure of the court below to receive the evidence in regard to notice, we think the case should be retried.

Judgment reversed and a new venire awarded.