## Kness v. Anchor Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Proofs of loss—Waiver—Local agent—Act of June 27, 1883, P. L. 165.*

The Act of June 27, 1883, P. L. 165, does not authorize the local agent of a fire insurance company who has countersigned a policy to waive a covenant in the policy imposing upon the insured the duty of furnishing written proofs of loss within sixty days after the fire.

Even if the local agent had such authority, its exercise would not be shown by proof that he told the insured that he had a letter from the company, that an adjuster would come, and that the insured should prepare proofs of loss, and hold them until the adjuster arrived.

Argued May 9, 1906. Appeal, No. 74, April T., 1906, by defendant, from judgment of C. P. Somerset Co., Dec. T., 1903, No. 41, on verdict for plaintiff in case of Charles Kness v. Anchor Fire Insurance Company of Cincinnati, Ohio. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before KOOSER, P. J. The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :

[Now we say to you, while it is true that is the contract between the company and the insured, yet if facts occurred after the fire and before the lapse of the sixty days' period, either by an express agreement of an authorized officer of the company, or by acts of the company or its authorized agent, from which the jury could conclude that the defendant company waived the conditions I have read, then the jury may find that, notwithstanding those terms in the contract, the defendant still is liable, if the defendant itself, either by direct expression of its officers or by acts warranting such conclusion—by such acts as misled the plaintiff into the belief that the company does not intend to enforce compliance with the terms of the policy—then it is no longer absolutely necessary that the terms should be complied with in the letter.

[So the question that will come to you is : Has this company, or an agent for said defendant with authority, said such things

or done such acts as have induced the plaintiff to neglect giving the notices, which in this case it is complained by the defendant were not given.] [1]

[Under the provisions of the act of 1883, if Mr. Boyer, under the proofs we have as to the extent of his agency and his relations to this particular policy, told the plaintiff within twenty days after the fire that he need not produce to him any detailed, itemized proofs of loss, but that he should prepare the paper and have it ready until the adjuster would come, and if this plaintiff was misled into a neglect or failure to produce the proofs by reason of a direct statement from the mouth of Mr. Boyer within the period of twenty days after the loss, or by any language or act of Mr. Boyer from which the plaintiff could reasonably and fairly infer that it was his direction to him that he could prepare it and hold it himself to lay before the adjuster when he came, we say Mr. Boyer could charge his company with such directions; and from such facts, if they would impress you as proven in the case, you would have power to find that the company waived the necessity of compliance with the clause in the contract as to notice and proofs, and by reason of the waiver the plaintiff was not required to make the proofs, but could recover in this action without having made them.] [2]

Verdict and judgment for plaintiff for $990. Defendant appealed.

*Errors assigned* among others were (1, 2) above instructions, quoting them; and (9) in refusing binding directions for defendant.

*W. H. Ruppel*, with him *A. H. Coffroth*, for appellant.

*Joseph Levy*, with him *Harry Doerr*, for appellee.

OPINION BY HEAD, J., October 5, 1906:

This was an action on a policy of fire insurance of the usual standard form. It is admitted that the plaintiff entirely failed to comply with the stipulation in the policy requiring him to furnish written proofs of loss within sixty days after the fire. It is alleged that this stipulation was waived by one Boyer,

the local agent of the company who countersigned the policy, and his authority to bind the company by such alleged waiver is based on the Act of June 27, 1883, P. L. 165. Conceding for the moment the authority of the local agent to waive an important provision in the written contract, we think the evidence that there was any intention to waive the requirement concerning proofs of loss can hardly be said to amount to more than a scintilla. The substance of the plaintiff's testimony on this subject is the following: " Q. When did you go to see Boyer again? A. It was about eighteen days after the fire I went again. Q. What happened then? A. Then Boyer said, You make the proofs of loss. I got a letter from the company and the adjuster will come; then we will adjust the matter. After that we would show the paper to the adjuster of what I lost." The other witness present on that occasion, one Mc-Closkey, thus states the substance of the interview between the plaintiff and Boyer: " Q. What did Mr. Boyer say? A. He said he sent a letter to the company and they said he should have ready fire proofs of loss. Q. Did he say what he should do with the paper? A. He said to have it ready and keep it until they came to adjust the matter." If waiver be a question of intention, we think it extremely difficult to discover in the declarations of the local agent quoted, any intention on the part of the company to release the insured from his obligation, under the policy, to furnish proofs of loss. On the contrary, according to the testimony of both the witnesses, the insured was told by the local agent that, in a letter from the company to him on the subject, the company demanded that the proofs of loss should be made. So far as the evidence discloses, nothing resembling formal proofs of loss was ever prepared by the insured until long after the expiration of the time limited in the policy. This is certainly a narrow foundation upon which to permit a jury to reach the conclusion that the company had waived a material requirement of its policy.

In Hottner v. Aachen and Munich Fire Insurance Co., ante, p. 461, in which an opinion has been this day handed down, ante, page 461, we held that the act of 1883 did not confer upon the local agent of an insurance company the power to waive any of the important provisions of the policy. It was not the purpose of the act so to do. The legis-

lature, by that act, simply provided a method by which the insured may with ease and certainty comply with two of the requirements of his policy. It was not the intention of the act to furnish a plan by which he could be relieved from the performance of the obligations imposed on him by the policy. That case rules the principal question raised here, and in the opinion there filed we have fully given our reasons for our construction of the act. We think it was error on the part of the learned trial court to permit the jury, under the law and the evidence in this case, to find that the company had waived the requirement of the policy stipulating that the insured should furnish proofs of loss. Compliance with that requirement was a condition precedent to his right to maintain any action on his policy. Having failed to perform the covenants which, by his contract, he undertook to perform before any right of action could accrue to him, his case must fall.

Judgment reversed.