# Dunn *v.* Farmers' Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Proof of loss—Waiver—Act of June 27,*
*1883, P. L. 165.*

Proof of loss served upon the local agent of a fire insurance company
more than twenty days after the date of the fire, is not sufficient, and
in the absence of waiver or estoppel the insurance company is not bound
by such service of proof.

Mere negotiations between the insured who has not furnished proof
of loss, and the insurance company's adjuster, or mere expectation of
a settlement without any change of position of the insured to his detri-
ment are not sufficient to establish waiver of proof of loss by the com-
pany.

Argued April 15, 1907.   Appeal, No. 48, April T., 1907,
by defendant, from judgment of C. P. No. 1, Allegheny Co.,
June T., 1903, No. 1,041, on verdict for plaintiff in case of
Lydia Dunn to use of Louis Rauh v. The Farmers' Fire Insur-
ance Company.   Before RICE, P. J., HENDERSON, MORRISON,
ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit on a policy of fire insurance.   Before BROWN, J.
The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $714.89.   Defendant
appealed.

*Error assigned* was in refusing binding instructions for de-
fendant.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.—
There was not sufficient evidence of a waiver to submit to a

jury: Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402; Gould
v. Dwelling House Ins. Co., 134 Pa. 570; Nat. Ins. Co. v.
Brown, 128 Pa. 386; Diehl v. Adams County Mut. Ins. Co.,
58 Pa. 443; Pottsville Mut. Fire Ins. Co. v. Minnequa Springs
Imp. Co., 100 Pa. 137.

*L. K. Porter,* with him *E. H. Stowe* and *S. G. Porter,* for
appellee.—The waiver of proof of loss required in a policy may
be inferred by any act of the insurer evincing a recognition of
liability or a denial of obligations exclusively for other reasons:
Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Welsh v.
London Assurance Corp., 151 Pa. 607; Roe v. Dwelling House
Ins. Co., 149 Pa. 94; McGonigle v. Ins. Co., 168 Pa. 1.

OPINION BY MORRISON, J., October 7, 1907:

On August 2, 1902, the defendant corporation issued a pol-
icy of insurance to plaintiff for $750, on a small stock of goods
in her store in the city of Pittsburg. There was another pol-
icy for a like amount in another company. On November 9,
1902, a fire occurred in the store, damaging the insured goods
to some extent. The company received prompt notice of this
fire and sent its adjuster who examined the store and goods and
estimated the plaintiff's total loss at $200, but she contended
that her damage amounted to about $1,500, and she finally
claimed from the defendant $613.66. The trial resulted in a
verdict and judgment for plaintiff in the sum of $714.89. At
the trial, defendant's counsel asked for a binding instruction
that "under all the evidence the verdict should be for the de-
fendant." This point was refused and it gives rise to the first
assignment of error.

The plaintiff made no attempt to file proof of loss with the
defendant company, as required by the terms of the policy,
except an effort to file such proof on January 6, 1903, on the
sixtieth day after the fire, about six o'clock in the evening,
with B. F. Ripple, the local agent who countersigned the pol-
icy. At the trial it was contended that a proper and suffi-
cient proof of loss was then filed with Mr. Ripple, but the evi-
dence was strong and convincing that by an error on the part
of the plaintiff's representative the paper delivered to Mr.
Ripple was a blank, containing no information or facts bearing

upon the loss. It was simply a blank form, signed by the plaintiff, without date, but purporting to have been sworn to before a notary public on January 6, 1903. The policy contained the following provision: "If fire occur insured shall give immediate notice of any loss thereby in writing to this company . . . . and within sixty days after the fire, unless such time is extended in writing by this company; shall render a statement to this company signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss thereon; all encumbrances thereof; all other insurance, whether void or not, covering any of said property, and a copy of all the descriptions and schedules in all policies."

At the trial the learned court instructed the jury, correctly we think, that unless they found that the defendant had waived a strict compliance with the above requirement, the plaintiff could not recover. Whether or not there was sufficient evidence to allow the jury to find that due proof of loss was furnished to Mr. Ripple, on the sixtieth day after the fire, need not now be decided, for the reason that it was not a compliance with the terms of the policy to file proof of loss with the local agent more than twenty days after the fire. It was the duty of the plaintiff to furnish to the company the required information within sixty days after the fire; this, of course, means to some officer authorized to receive the same. Delivering the proof of loss to the local agent more than twenty days after the date of the fire was not sufficient, and in the absence of waiver, or estoppel, the defendant was not bound by such service of proof: Act of June 27, 1883, P. L. 165. Under this statute the local agent of the company has no power to waive any of the important provisions of the policy: Kness v. Anchor Fire Insurance Co., 31 Pa. Superior Ct. 521; Hottner v. Aachen and Munich Fire Insurance Co., 31 Pa. Superior Ct. 461. We, therefore, conclude that the learned court was correct in instructing the jury that there could only be a recovery by the plaintiff on the ground of waiver of proof of loss by the defendant. But was the court warranted in submitting that question to the jury? We think not. A careful reading of

the evidence does not convince us that the company waived its right to have furnished, within sixty days, the information called for in the provision of the policy above quoted. Nor does the evidence disclose sufficient to estop the defendant from raising this question.

The effort of Mr. Strobel, the adjuster of the defendant, to ascertain the loss and agree with the plaintiff as to an amount in settlement of her claim, falls far short of sufficient evidence to hold the defendant to a waiver of proofs of loss. In this connection we remark that the learned counsel for the plaintiff did not seem to have confidence in waiver or estoppel because they attempted to make proof of loss on the sixtieth day after the fire. The provision of the policy above quoted bound the plaintiff. It is the contract between the parties, and if the plaintiff has not complied with it, she cannot recover, except by establishing waiver or estoppel. There is not sufficient evidence that the plaintiff was deceived, misled or placed in a different or worse position than the contract left her. Therefore, the defendant is not estopped from defending on the ground that this very important provision of the contract was not complied with on the part of the plaintiff. After twenty days from the date of the fire no effort whatever was made by the plaintiff to furnish the company with written proof of loss within the meaning of the contract in that respect. Under the evidence, this default cannot properly be charged to the defendant.

In Mitchell v. Lycoming Mutual Insurance Co., 51 Pa. 402, Mr. Justice AGNEW (p. 409) said: "Good faith is the life-breath of insurance where a heavy risk is taken for a small premium."

In Gould v. Dwelling House Ins. Co., 134 Pa. 570, Mr. Justice MITCHELL (p. 588) said: "But if without valid reason he fails to comply with the requirements of his policy at all, or to do so within the stipulated time, then the liability of the company is discharged; and mere silence, or investigation, or even negotiation, will not, in the words of SHARSWOOD, J., in Beatty v. Insurance Co., 'revivify the contract.' Nothing will do that short of an express agreement, or a change of position by the insured reasonably induced by the acts of the company, and to his disadvantage. Mere disappointment in the expec-

tation of a settlement, even though such expectation be founded on the acts of the company, as in National Insurance Co. v. Brown, 128 Pa. 386, will not be enough."

In Diehl v. Adams County Mut. Ins. Co., 58 Pa. 443, THOMPSON, C. J. (p. 552) said: "The object was to establish a waiver of a breach of conditions. But this never occurs unless intended, or where the act relied on ought in equity to estop the party from denying it."

In Pottsville Mut. Fire Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137, Mr. Justice GREEN (p. 140) said: "It is the actual contract of the parties and it binds them and necessarily controls the action of the courts, who have no power to alter the solemn contracts of parties where there is neither fraud, mistake or imposition."

We sustain the first assignment of error and this makes it unnecessary to consider the second.

Judgment reversed.