# Edelson, Appellant, *v.* Norwich Union Fire Insurance Company, Limited.

*Insurance—Fire insurance—Proofs of loss—Waiver—Total loss—Stock of merchandise—Act of June 27, 1883, P. L. 165.*

1. Formal proofs of loss are not necessary in the case of the total loss of a building insured, where the insurance company has been promptly notified of the loss and has inspected the premises; but this rule has no application to the total loss of a stock of merchandise.

2. In an action on a policy of fire insurance for the loss of a stock of goods, where it is established beyond dispute at the trial that no proof

of loss was served on the local agent of the company within twenty days of the date of the fire as provided by the Act of June 27, 1883, P. L. 165, and that no proof of loss was given to the company as provided by the policy within sixty days after the date of the fire, and there is no evidence of a waiver on the part of the company, the plaintiff will not be entitled to recover.

3. A denial of liability by a fire insurance company may excuse the filing of proofs of loss, but if proofs of loss have been furnished evidence of such denial is irrelevant.

Argued Nov. 11, 1914.   Appeal, No. 110, Oct. T., 1914, by plaintiff, from judgment of C. P. Lancaster Co., Jan. T., 1913, No. 88, on verdict for defendant in case of Harry Edelson v. The Norwich Union Fire Insurance Company, Limited.   Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ.   Affirmed.

Assumpsit on a policy of fire insurance.   Before Hassler, J.

The court charged in part as follows:

The policy of insurance, under which the plaintiff claims in this case, provides that he shall do two things, among others, when there is a fire.   He first shall give immediate notice to the company, which the law has defined to be notice within a reasonable time, and, second, he shall, within sixty days, make up proofs of loss, which shall be served upon the company.   The policy, as I have said, requires him to serve this notice of the fire on the company in a reasonable time, and the proofs of loss within sixty days.   We have, however, an act of assembly in this state, passed in 1883, which provides that this notice may be served upon the agent who countersigns the policy, and that the notice of the fire may be served within ten days of the fire, and the proofs of loss within twenty days of the fire.

In this case, the plaintiff neither served the notice of the fire on the company within a reasonable time, nor upon the agents who countersigned the policy at all.

He testifies, and Mr. Prangley also testifies to it, that Mr. Prangley, who is one of the agents who counter-signed the policy, went to the place where the fire occurred the day after its occurrence, and examined the place, and went there for the purpose of ascertaining something in regard to the loss.

Now if you find that to be the fact, and as we have said it is not contradicted, it would excuse the plaintiff from the requirement to give notice to the company or the agent of the fire, and he would not be required to do so. [The policy, as I have said, required the plaintiff to give proofs of loss, that is, make up a paper in accordance with the policy, setting forth how the fire started, what the property was that was destroyed item by item, what the injury to that property was, and so on. No such notice was served on the company within sixty days. The only notice of that kind that was served was sixty-two days after the fire occurred, and that was too late. The act of assembly says that such notice may be served upon the agent that counter-signed the policy within twenty days of the fire. A notice of that kind was served upon the agents thirty days after the fire, but that was not in time, so that the plaintiff failed to comply with that requirement of the policy, both on the agent and on the company, and the question arises then was he excused in any way from a compliance with that requirement of his policy.] [1] . . .

Now, if from this testimony you find that the property was totally destroyed, that is, all of it; not only some of the items but all of the items were totally destroyed, so that they could not be put to the use for which they were intended, and to which they had been put prior to the fire, then it was not necessary for the plaintiff to prove that he served proofs of loss upon the company, or its agent, and he would be entitled to recover any loss he has shown. [But if you find there was not a total loss; if you find any of the items which he testified were destroyed, could be used afterwards

for the purpose for which they had been made, then he is not excused from having served proofs of loss upon the company, or its agents, and he cannot recover.] [2]

The jury having sent a communication to the court for further instructions was brought into court, and in the presence of both the attorney for the plaintiff and the attorney for the defendant, was given the following additional instructions:

Gentlemen of the jury:

We have received the following communication from you: "We beg instructions to the following question: Can we find a verdict in favor of plaintiff if we find that not all of the goods were a total loss?"

Is that what you desire to be instructed on? Having answered in the affirmative, the court said, we answer this question, no. If all of the goods were not a total loss, it was the plaintiff's duty to have served proofs of loss upon the defendant company, or its agent, and having failed to do so he is not entitled to recover any of his loss under the terms of his policy. [3]

Verdict and judgment for the defendant. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them, and (4, 5) rulings on evidence referred to in the opinion of the Superior Court.

*B. F. Davis,* for appellant.—The company here knew of the action of its agents and did not repudiate it. It is, therefore, bound by it: Standard Leather Co. v. Fire Ins. Co., 224 Pa. 186; Thomas v. Western Ins. Co., 5 Pa. Superior Ct. 383; Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149.

There was waiver of the proofs of loss not being served in time in this case: Commercial, etc., Assurance Co. v. Hocking, 115 Pa. 407; Lycoming Ins. Co. v. Schreffler, 42 Pa. 188; Weiss v. American Fire Ins. Co., 148 Pa. 349.

*John E. Malone,* for appellee.

OPINION BY TREXLER, J., March 11, 1915:

This is a claim of loss by fire of property insured by the defendant company. The property consisted of plumber's stock, tools and fixtures. At the trial plaintiff contended that the loss being entire, proof of it was not required, citing Lycoming County Mutual Ins. Co. v. Schollenberger, 44 Pa. 259, and the question as to whether there had been a total loss was submitted to the jury who found for the defendant company. As was said by the learned trial judge in refusing a new trial, this was giving the plaintiff a chance when he should have had none for as pointed out by Judge MORRISON in Lapcevic v. Lebanon Mutual Ins. Co., 40 Pa. Superior Ct. 294, the case of Lycoming County Mutual Ins. Co. v. Schollenberger, supra, and those following it apply to total destruction of a building and not of a stock of merchandise. The question of entire loss was the only one submitted to the jury. The principal question raised upon appeal is whether the company waived the furnishing of the proof of loss.

Two facts were established beyond dispute at the trial, (1) that no proof of loss was served upon the local agent of the company within twenty days of the date of the fire as provided by the Act of June 27, 1883, P. L. 165, and, (2) that no proof of loss was given to the company as provided by the policy within sixty days after the date of the fire. The furnishing of the proofs of loss is a condition precedent to the right to recover and the failure so to do necessarily defeats the plaintiff unless he can show waiver of this condition of the policy by the company, or some one acting with authority in its behalf, evidenced by express words or acts implying a waiver. The act above referred to provides that the conditions of the policy as to notice of loss and the furnishing of preliminary proofs shall be deemed to have been complied with if the insured shall furnish the company at its general office or to the agent of the company who countersigned the policy, the preliminary

proofs within twenty days from the date of the fire. There is one of two methods which the insured sustaining loss may use. He may submit the proof of loss to the agent who countersigned the policy or to the company at its general office. As was said by Brother HEAD in Hottner v. Aachen Fire Insurance Co., 31 Pa. Superior Ct. 461, "In the present case the insured did not comply with the requirements of his policy, either in the method prescribed by the act of 1883, or in any other way. He does not claim to have done so. He stands on the proposition that he was excused from doing so by the local agent, whose authority, in this respect, is sought to be drawn from the act of 1883. We cannot so construe the act. The plaintiff must stand on the contract he voluntarily made, and it is binding on us as it is on him. He has not discharged the obligations it imposed on him. He has not shown any release from such obligations by the company or anyone having authority to act for it in that behalf." See also Kness v. Anchor Fire Ins. Co., 31 Pa. Superior Ct. 521, and Dunn v. Farmers' Fire Ins. Co., 34 Pa. Superior Ct. 245.

The only explanation of the acts of the plaintiff is his plain neglect to do what the law required him to do. He waited until thirty days after the fire to give the local agent who countersigned the policy what he says is a proof of loss. The document furnished is not printed in his paper-book. Following appellant's line of argument the only waiver that could possibly be inferred must be found in the retention of the proofs of loss by the agent or the assertion claimed to have been made by the agent that the loss would not be paid because the premium had not been paid. But the plaintiff was not lulled into any false feeling of security because he had reason to believe that the company had knowledge of and was satisfied with the proofs of loss submitted or that he was relieved from furnishing all further proofs of loss by any act of the agent or by the denial of liability on other grounds. Sixty-three days after the fire

he submitted proofs of loss although too late to meet the requirements of the policy.   As was said by Judge Beaver in Ulysees Elgin Butter Co. v. Hartford Fire Ins. Co., 20 Pa. Superior Ct. 384, "as we view this case the questions of the plaintiff's being relieved from the duty of furnishing a proof of loss or the waiver on the part of the defendant of the necessity for the furnishing of the same do not arise, for the reason that the plaintiff did not avail itself of any alleged waiver and voluntarily submitted proofs of loss." We think the plaintiff has failed to show any waiver on the part of the company or any act constituting a waiver, or that he was misled in any way.

The assignments of error not covered by the above discussion are as to the admission of testimony.   One is the refusal of the trial judge to admit a letter of the local agent addressed to the insured after proofs of loss had been submitted, in which letter notice was given of the cancellation of the policy, the offer being made to show a denial of liability by the insurer.   The court was right in overruling the offer.   A denial of liability by the company may excuse the filing of proofs of loss but after the proofs of loss have been filed there remains no reason for the offering of such evidence.

The other assignment is as to the refusal of the court to allow the plaintiff to use a memorandum containing a list of the articles destroyed.   In view of the position we have taken that plaintiff is not entitled to recover anything, this assignment is of no importance.

We have covered all the questions raised.   The whole of plaintiff's case may be summarized in the statement that the plaintiff neglected to abide by the contract of insurance in regard to the proofs of loss and now seeks to excuse his nonperformance by a waiver on the part of the company.   This, as stated before, he has failed to do.

Judgment affirmed.