# Primo, Appellant, *v.* Safety Mutual Fire Insurance Company.

*Insurance—Fire insurance—Proof of loss—Waiver—Local agent.*

Where a property insured against loss by fire, under a standard insurance policy, is destroyed by fire, and the owner neglects to furnish proof of loss to the company within sixty days, as provided by the policy, or to the local agent who had countersigned his policy within twenty days, as provided by the Act of June 27, 1883, P. L. 165, he cannot excuse his lack of compliance with the covenant of the policy as to furnishing proofs of loss by setting up a verbal promise, made by the local agent, to the effect that he would let him know when he had received an answer from the company, and that the insured need do nothing until he heard from him.

Argued March 11, 1919.   Appeal, No. 294, Oct. T., 1918, by plaintiff, from judgment of C. P. Northampton Co., No. 66, June T., 1917, for defendant non obstante veredicto in case of Rivilli Primo v. The Safety Mutual Fire Insurance Company of Lebanon, Pa.   Before OR-LADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit on a policy of fire insurance.   Before STEW-ART, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of plaintiff for $1,204.21.   Subsequently the court entered judgment in favor of the defendant non obstante veredicto.   Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*A. C. LaBarre,* for appellant.—The notice to the agent was notice to the company and his action must be con-

sidered to have waived any requirement as to further proof of loss : Pennsylvania Fire Insurance Co. v. Dougherty, 102 Pa. 568; Insurance Co. v. Cusick, 109 Pa. 158; Roe v. Dwelling House Insurance Co., 149 Pa. 95; Welsh v. London Assurance Corporation, 151 Pa. 607; McGonigle v. Susquehanna Fire Ins. Co., 168 Pa. 1; Sutton v. American Fire Ins. Co., 188 Pa. 380; Livingston v. Boston Ins. Co., 255 Pa. 1; Gould v. Insurance Co., 134 Pa. 570; Cummins v. German American Ins. Co., 197 Pa. 61; Mix v. Royal Ins. Co., 169 Pa. 639; Bush v. Hartford Fire Ins. Co., Appellant, 222 Pa. 419.

*J. W. Paff,* of *Smith, Paff & Laub,* for appellee, cited : Hoffner v. Fire Insurance Co., 31 Pa. Superior Ct. 461; Kness v. Anchor Fire Ins. Co., 31 Pa. Superior Ct. 521; Dunn v. Farmers' Fire Ins. Co., 34 Pa. Superior Ct. 245; Edelson v. Norwich Union Fire Ins. Co., 59 Pa. Superior Ct. 379; Lafayette Gould v. Dwelling House Ins. Co., 134 Pa. 570; Forester to use v. Teutonia Fire Ins. Co., 60 Pa. Superior Ct. 151; Edwards v. Lycoming County Mutual Fire Insurance Co., 75 Pa. 378; Calhoun v. Girard F. & M. Ins. Co., 64 Pa. Superior Ct. 82; Devaney v. Northwestern Nat. Ins. Co., 64 Pa. Superior Ct. 510; Commonwealth Ins. Co. v. Sennett, 41 Pa. 161; German American Ins. Co. v. Hocking, 115 Pa. 398; Desilver v. State Mut. Ins. Co., 38 Pa. 130.

OPINION BY TREXLER, J., July 17, 1919 :

This is a suit on a fire insurance policy. There was a partial loss. Some time after the fire the insured went to the local agent and told him he had had a fire and to quote his language, "what I lost, the horses and cows and grain and he wrote down and he said all right you go home and do nothing until I have an answer from the company and when I have answer from the company I will let you know." The visit to the agent was repeated several times and each time the agent told him the same thing.

The insured did not within the twenty days furnish proofs of loss to the local agent nor within sixty days to the company, see Act of June 27, 1883, P. L. 165. Can he excuse his neglect in this respect by proving the representations and promises made by the local agent? The case is one that would naturally appeal to one's sympathies. The insured was a foreigner not well acquainted with the English language and having very little knowledge of business affairs. The conduct of the agent was such as to make him believe that nothing further was required of him until the agent sent word. This court however has repeatedly held that such verbal promises do not release the insured from the terms of the policy. In Hottner v. Fire Ins. Co., 31 Pa. Superior Ct. 461, the facts were almost identical with those now presented and what was said by our Brother HEAD in that case applies to this. "It is not contended by the plaintiff that he ever had any correspondence with the company at its home office or that he ever saw or spoke to any officer, general agent, adjuster or other person specially delegated to adjust and settle his loss. To excuse his own nonperformance of the plainly expressed covenants of his contract the insured relies solely upon a verbal promise of the local agent that he would do whatever was necessary and that the insured need do nothing. There was no agreement of any kind endorsed on the policy to in any way vary its terms and no attempt made to prove that the powers of the agent, conferred on him by the company, were other or greater than those usually possessed by the local soliciting agents of insurance companies. If the insured, under such circumstances, chose to rely on the voluntary promise of the local agent as his warrant for expunging from his contract some of its important provisions and ignoring the warnings therein given against such attempts to alter or waive the terms of the writing on which his claim is founded, he placed himself in the position described by AGNEW, J., in Marland v. Ins. Co., 71 Pa. 393, thus, 'If deceived or lulled

412 PRIMO, Appel., *v.* SAFETY MUTUAL FIRE INS. CO.

into security it was not by any act of the company, but by trusting to the mere opinion of one who had no authority to bind the company by any such expression.' "

The same doctrine was declared in Dunn v. Farmer's Fire Insurance Co., 34 Pa. Superior Ct. 245; Edelson v. Fire Insurance Co., 59 Pa. Superior Ct. 379; Calhoon v. Girard F. & M. Insurance Co., 64 Pa. Superior Ct., 82; and Devaney v. Northwestern National Insurance Co., 64 Pa. Superior Ct. 510.

Judgment affirmed.