# Simons *v.* Safety Mutual Fire Insurance Co., Appellant.

*Insurance—Fire insurance—Proofs of loss—Waiver—Parol evidence.*

1. An insurance company may waive the provisions of its policy as to the time of filing proofs, and this may be shown by parol; this is also true where the breach of other conditions is asserted.

2. If a fire insurance company delays settlement, and no other reason for the delay is suggested except that the claim was dishonest, the company cannot, in a suit against it, where it appears that prompt notice of the fire was given, allege as a defense that proofs of loss had not been filed until after the period fixed by the policy, nor can it allege that the inventory of the property destroyed was not correct, where no objection on this ground had been made until months after the inventory had been received.

3. Proofs of the waiver of the condition of the policy may be established by correspondence and conversation of the officers of the company showing that the sole excuse for failure to settle was that the claim was dishonest.

Argued March 12, 1923. Appeal, No. 18, Jan. T., 1923, by defendant, from judgment of C. P. Bradford Co., May T., 1923, on verdict for plaintiff in case of C. F. Simons *v.* Safety Mut. Fire Insurance Co. of Lebanon. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before MAXWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,554.32. Defendant appealed.

*Errors assigned* were various rulings and instructions appearing by the opinion of the Supreme Court, quoting record.

*Rodney A. Mercur,* for appellant.—If, without valid reason, the insured fails to comply with the requirements of his policy at all, or to do so within the stipulated time, then the liability of the company is discharged: Gould v. Ins. Co., 134 Pa. 570; Beatty v. Ins. Co., 66 Pa. 9; Forester v. Ins. Co., 60 Pa. Superior Ct. 151; Hess v. Ins. Co., 38 Pa. Superior Ct. 151; Carey v. Ins. Co., 171 Pa. 204.

Proofs of loss were not waived: Mitchell v. Ins. Co., 51 Pa. 402; Mentz v. Ins. Co., 79 Pa. 475; Ins. Co. v. Dunham, 117 Pa. 460; Gould v. Ins. Co., 134 Pa. 570; McFarland v. Ins. Co., 134 Pa. 590.

*William P. Wilson,* with him *J. Roy Lilley,* for appellee.—An insurance company may waive a condition in a policy by parol: Todd v. Ins. Co., 9 Pa. Superior Ct. 371; Flannery Bros. v. Ins. Co., 175 Pa. 387; Fritz v. Assurance Co., 208 Pa. 268; Bush v. Ins. Co., 222 Pa. 419; Witmer v. Ins. Co., 68 Pa. Superior Ct. 12.

OPINION BY MR. JUSTICE SADLER, April 9, 1923:

Simons, the plaintiff, conducted a small store in Bradford County, and insured his stock of merchandise in two companies. One was represented by Ingham, and the defendant by Matchett, who issued and countersigned the policy on which this suit is based. It was in the standard form, requiring immediate notice, if loss occurred, formal proofs within sixty days, and provided that no effective waiver of its provisions could be had unless by endorsement in writing thereon.

On March 12, 1919, the property covered by the policy was destroyed by fire, and prompt information of this fact was given, being received at the home office within three days. The agent of defendant advised that the

necessary forms for making proofs of loss would be furnished to the insured, and communicated with the company requesting that prompt payment be made. The latter, through its president, wrote to Ingham, the adjuster of the co-insurer, and secured from him a list of the articles destroyed, and a statement of their value.

Plaintiff frequently solicited settlement, and his requests were forwarded by Matchett, the agent, who urged adjustment, and the general officers of the company promised to visit the insured on various occasions, but failed to do so. Many communications were had with defendant, through its representative. Attorneys for the plaintiff also made frequent demands, and the only reason suggested for delay in settlement was based on the allegation that the claim was dishonest. At the trial which followed, no evidence was offered to prove any fraud, and the jury found for plaintiff, determining there had been a waiver of the necessity for filing proofs within the time fixed by the contract, and that the defendant was estopped by its conduct from asserting an undue delay as a defense.

We are asked to review the judgment entered on the verdict, a number of errors being assigned, which, for the sake of brevity, may be divided into three classes, and need not be separately referred to. The propositions raised are clearly embodied in the statement of questions involved, and are as follows: Can there be an effective waiver of the necessity to file proofs of loss within the time fixed by a standard policy of insurance where not endorsed thereon in writing? Is a company estopped from asserting a defense other than the one insisted upon originally as a reason for nonpayment? Was the evidence of plaintiff to establish these facts properly admitted? Incidental problems are suggested as to the sufficiency of the statement of claim, in that it was inconsistent in averring the proofs had been furnished within the time named, and, also, that there had been a waiver of the requirement to file any; but this complaint cannot

be sustained, and was not pressed on argument: Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568. And, further, that the inventory finally submitted did not properly set forth the goods destroyed by the fire (sixth assignment); but no objection to payment was made on this ground when received, and it came too late, after many months had passed: Polizzi v. Commercial F. Ins. Co., 255 Pa. 297; Weisberger v. Western R. Ins. Co., 250 Pa. 155; Commercial Union Assn. Co. v. Hocking, 115 Pa. 407.

There can be no question, under our authorities, that an insurance company may waive the provisions of its policy as to the time of filing proofs, and this may be shown by parol (Bush v. Hartford Fire Ins. Co., 222 Pa. 419; First Nat. Bank v. Home Ins. Co., 274 Pa. 129); as is true where the breach of other conditions is asserted: Russell v. Farmers M. F. Ins. Co., 272 Pa. 1. It is not necessary to show an express waiver; this may be inferred from the circumstances: Hoffman v. Mutual F. Ins. Co., 274 Pa. 292. The mere statement of opinion, however, by an agent, that no such action is required, is not enough, and it has been so held in the line of cases relied on by appellant, of which Levinton v. Ins. Co., 267 Pa. 448, and Primo v. Safety Mut. Fire Ins. Co., 72 Pa. Superior Ct. 409, are illustrations (see, also, Davis v. Home Ins. Co., 74 Pa. Superior Ct. 92); but the plaintiff's proof in the present case went beyond this.

Admittedly, notice of the fire was given within the time contemplated (Curran v. National L. Ins. Co., 251 Pa. 420), and delay in furnishing evidence of the extent of the loss was not the result of a promise of the agent, unknown to the company, but due to the correspondence of its president with him, and communicated to plaintiff: Livingstone v. Boston Ins. Co., 255 Pa. 1. The form for proof was finally furnished, filled out and forwarded, and no objection on the ground now suggested was made. On the contrary, the evidence shows the refusal to recognize the claim to be founded solely on alleged fraud of the insured. When a definite reason for declining to pay is

asserted, and the plaintiff thus led to believe it the sole cause, and is misled to his injury, the company is estopped from thereafter setting up a different ground: Lebanon Mut. F. Ins. Co. v. Erb, 112 Pa. 149; Penna. Fire Ins. Co. v. Dougherty, supra; Zoller v. Hartford Fire Ins. Co., 272 Pa. 386.

The questions of waiver and estoppel were for the jury, if sufficient competent evidence appeared. It is, however, objected that the conclusion reached by it was the result of consideration of inadmissible testimony. First, complaint is made of the admission of correspondence with Ingham. The letters were to and from the adjuster of the co-insurer, and indicated the defense to the plaintiff's claim was fraud, and that only; for the purpose of showing this, they were properly submitted to the jury. The same can be said as to the writings and conversations with the officers of the defendant company,—though subsequent to the period designated for filing proofs of loss, —setting forth, as they did, the sole excuse of the insurance company for failure to settle, and that no default in complying with other conditions of the policy was in question. The jury was instructed as to its duty, under the circumstances, in an impartial and comprehensive charge, and the finding made was justified by the evidence.

After careful examination of the whole record, we are convinced no error was committed, and the assignments are overruled.

The judgment is affirmed.