# Jenkins *v.* Franklin Fire Insurance Co., Appellant.

*Insurance—Fire insurance—Proof of loss—Waiver.*

1. If an insurance company by its acts lulls the vigilance of the insured into inactivity so far as furnishing proofs of loss is concerned so that he may reasonably reach the conclusion that they will not be required, the company will not be permitted to set up the failure to furnish the proofs to defeat recovery on the policy.

2. Upon receiving proofs of loss, furnished by the insured, in an attempt to comply with the requirements of his policy, it is the duty of the insurance company to examine them, and if they be found objectionable, to return them, pointing out the particular defects therein.

3. Where the company and the insured, long after the time for filing proofs has expired, join in a waiver agreement in which it is stipulated that the company shall proceed without delay to ascertain the loss, the fact that the insured thereafter filed additional proofs of loss, is immaterial, on the question of waiver.

*Insurance—Fire insurance—Representation as to property.*

4. Where an insured represents that the property in which were the goods insured, was a brick building, the fact that there was a door connection between it and an adjoining laundry conducted by the insured, does not invalidate the policy as a matter of law; and especially is this so where it appears that there was a brick partition between the dwelling and the laundry, that the latter was of brick, and that the fire did not originate in the laundry.

5. In such case, the insured company got all it was entitled to when the court submitted to the jury the question whether the proximity of the laundry created an additional hazard.

Argued January 13, 1925. Appeal, No. 198, Jan. T., 1925, by defendant, from judgment of C. P. Bucks Co., Dec. T., 1922, No. 13, on verdict for plaintiff, in case of James Jenkins v. Franklin Fire Insurance Co. of Phila. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on fire insurance policy. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,572.69. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Horace Michener Schell,* with him *Thomas Ross,* for appellant.—Furnishing inventory does not dispense with necessity of filing proof of loss: Calhoon v. Ins. Co., 64 Pa. Superior Ct. 82.

There was no proof of waiver: Desilver v. Ins. Co., 38 Pa. 130; Maryland v. Ins. Co., 71 Pa. 393; Forester v. Ins. Co., 60 Pa. Superior Ct. 151; Primo v. Ins. Co., 72 Pa. Superior Ct. 409.

Where the use or occupancy of a property is not truly stated, the policy is void regardless of whether or not the hazard is increased: Pottsville Mut. F. Ins. Co. v. Horan, 89 Pa. 438; Hardiman v. Fire Assn. of Phila., 212 Pa. 383; State Mut. F. Ins. Co. v. Arthur, 30 Pa. 315; Lennox v. Ins. Co., 2 Pa. Superior Ct. 431.

*Webster Grim,* with him *Harry E. Grim,* for appellee. —Insurance companies cannot expect to escape from payment of an honest claim through technicalities which do them no harm and which they themselves can easily cure: Beatty v. Ins. Co., 66 Pa. 9; Ben Franklin F. Ins. Co. v. Flynn, 98 Pa. 627; McClure v. Ins. Co., 242 Pa. 59.

The following decisions of this and the Superior Court upon the question of waiver of proofs of law, are applicable, some of them on all fours with the facts in the case at bar: Welsh v. Assurance Co., 151 Pa. 607; Kearney v. Ins. Co., 67 Pa. Superior Ct. 179; Whitmore v. Ins. Co., 148 Pa. 405; Gould v. Ins. Co., 134 Pa. 570; McFarland v. Ins. Co., 134 Pa. 590; Oswalt v. Ins. Co., 175 Pa. 427; Davis Shoe Co. v. Ins. Co., 138 Pa. 73; Com. Ins. Co. v. Sennett, 41 Pa. 161; Thierolf v. Ins.

Co., 110 Pa. 37; Fritz v. Ins. Co., 154 Pa. 384; McGinnis
v. Ins. Co., 38 Pa. Superior Ct. 390; Wakeley v. Ins.
Co., 246 Pa. 268; Simons v. Ins. Co., 277 Pa. 200.

OPINION BY MR. JUSTICE SCHAFFER, February 9, 1925:
Defendant, appealing from the judgment in this case
founded on a policy of fire insurance issued by it, pre-
sents for our consideration these questions: (1) Does
the furnishing of an inventory under the circumstances
disclosed by the evidence dispense with the necessity of
filing a proof of loss; (2) Does the question of a waiver
by the company of the requirement that a proof of loss
shall be furnished arise, where plaintiff submits a proof
of loss after the time limit prescribed in the policy for
furnishing the same has expired; (3) Was the use or
occupancy of the property in which the insured lived
truly stated, and, if not, was the policy void regardless of
whether the hazard was increased?

Appellee resided in a dwelling house in the City of
Philadelphia and had procured the here involved policy
of insurance upon his household furniture therein. De-
siring to remove to Perkasie, he applied to appellant
for a removal permit, which was issued and attached
to the policy. This paper recited that permission was
granted to remove the property insured to "the brick
dwelling situate #117 North 6th Street, Perkasie,
Penna., and this policy is hereby made to cover the
same property in new locality, all liability in former
locality to cease from this date." Thereafter, on Janu-
ary 24, 1922, a fire occurred in the premises at Perkasie
which destroyed the insured property. The policy pro-
vided that the insured should furnish to the company
an inventory of the property damaged, undamaged and
destroyed and that a proof of loss should be filed with
the company within sixty days after the fire.

Following the fire, plaintiff took his policy to Phila-
delphia, left it at the office of the insurance company,
and was there told that they would send a man to

the property. Subsequently, appellee made a list of the articles which had been destroyed with a memorandum of the loss on each, and in pursuance of instructions received from defendant, took it to Hill, who was an adjuster of the company. Hill told him that an employee in his office would take care of him and to hand the paper to her. She took it, went into Hill's office and on returning therefrom informed plaintiff it was sufficient. Hill thereafter referred him to Long, who was also an adjuster for the company, saying the latter would take care of him. Plaintiff saw Long, talked over his loss with him, and shortly thereafter representatives of the company visited the burned house and inspected the remains of the insured property. After this, plaintiff went again to the insurance company, where he was requested to sign and did execute a paper, in which it was set forth "that any action taken by any representative of either party......shall not be construed as a waiver of any of the rights" of the parties "which do now or may hereafter exist, under a policy of insurance issued by" the company to the plaintiff. It was recited that the intent of the agreement "is to reserve all the legal rights of the parties to this agreement, as they exist at this date, and to proceed without delay with an investigation to ascertain the amount of loss or damage by fire on the 24th day of January, 1922, to the property described in the policy herein referred to, and it is agreed that the acts of the said Franklin Fire Insurance Company, or their representatives, in endeavoring to ascertain the amount of such loss by appraisement or otherwise shall not be considered a waiver of any of the conditions of the policy referred to herein, nor as affirming or denying any liability under said policy by reason of the fire above mentioned, but the said acts shall be considered as for the benefit of all concerned, without prejudice to the rights of any of the parties to this agreement." This paper is dated May 3, 1922, more than sixty days subsequent to the fire. A day or two after he signed this paper,

plaintiff left with the company a document which was designated as an additional proof of loss and which complied with the requirements of such a paper. The company did not furnish to plaintiff the usual printed form for a proof of loss and although he called at its office several times after leaving the inventory, defendant did not indicate to him that he was required to do anything further.

Under the circumstances above outlined, we are of opinion that there was sufficient evidence to warrant submission to the jury of the question whether the company had waived the presentation to it of a proof of loss. Speaking of such a paper in Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350, 359, we said: "The object sought to be accomplished by the requisition of a particular account of loss is to enable insurers to ascertain the amount of their liability while the facts are new, and while evidence is attainable. *Knowledge of the amount of loss is the substance,* the particular statement is but a means of ascertaining it." We have heretofore held that if the company by its acts lulls the vigilance of the insured into inactivity so far as furnishing proofs of loss is concerned so that he may reasonably reach the conclusion that they will not be required, the company will not be permitted to set up the failure to furnish the proofs to defeat recovery on the policy: Gould v. Dwelling-House Ins. Co., 134 Pa. 570, 586; Whitmore v. Dwelling-House Ins. Co., 148 Pa. 405, 416; Welsh v. London Assurance Corp., 151 Pa. 607, 616; Wakely v. Sun Ins. Co., 246 Pa. 268, 272; Simons v. Safety Mutual Fire Ins. Co., 277 Pa. 200. Upon receiving proofs of a loss, furnished by the assured, in an attempt to comply with the requirements of his policy, it is the duty of an insurance company to examine them, and if they be found objectionable, to return them, pointing out the particular defects therein: Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73, 89. Where the loss is total and a disaster visits the property, it is not material

that the plaintiff furnished no proofs of loss, although the policy requires them to be furnished within sixty days, where it appears that the company was furnished with full information as to the loss and made no demand for formal proofs of loss: Livingstone v. Boston Ins. Co., 255 Pa. 1.

It would seem that it ought to be the rule of fair dealing between an insurance company and its insured that, if by its course of conduct the company throws the insured off his guard as to the furnishing of proofs of loss, it ought not to be advantaged by this circumstance, where it unquestionably had knowledge of the fire and had made an investigation of it. In the case at bar, it accepted the inventory prepared by the plaintiff, with the assurance that it was sufficient. It also received the policy from the insured at the time he gave notice of the fire. Adjusters on behalf of the defendant made an inspection of the loss, and, long after the time for filing proofs had expired, the company joined in the so-called waiver agreement under the terms of which it was stipulated that the insurance company was to proceed without delay with the investigation to ascertain the amount of loss or damage. It is difficult to imagine that the officials of the company at the time they signed this agreement had any thought in mind of setting up a failure to receive satisfactory proofs of loss within the time provided by the policy and the inevitable conclusion must be that at that time they had waived the requirement as to proofs of loss. The fact that shortly after this agreement was signed, plaintiff filed additional proofs of loss, which the company received, can have no effect upon the question as to whether it considered that it had waived the requirement as to them: Weisberger v. Western Reserve Ins. Co., 250 Pa. 155. We therefore conclude that, under the circumstances here disclosed, the jury was warranted in finding that the company by its conduct justified the conclusion on

plaintiff's part that he had done all that he was required to do.

This brings us to the further question in the case as to whether plaintiff, in securing the permit for the removal of the goods insured to the property in which the fire occurred, had correctly represented the property as a brick dwelling. There is no question, as we understand the record, that the property to which he removed was brick and that it was a dwelling; the defendant avers the fact that a door from the house communicated with an adjoining building used as a laundry in which plaintiff was engaged in the laundry business, and argues that the representation as to the character of the building constituted a warranty and, as it was not true, that this rendered the policy void. It may be well to state in this connection that the fire did not start in the laundry but in the dwelling house and there was a brick partition between the house and the laundry. Plaintiff testified that when he was about ready to move, he called up the agent of the insurance company by telephone and told him he was opening up a laundry, that the agent asked whether the dwelling was brick or frame and whether the laundry was brick or frame, that he told the agent they were both brick and that in pursuance of directions from the agent, he wrote a letter to him stating that the goods were to be removed to a brick dwelling. We are of opinion, the fact being that the property to which the goods were removed was a brick dwelling house, the circumstance that there was a door connection between it and the adjoining laundry would not render the policy void as a matter of law and that the company got all it was entitled to on the trial when the judge submitted to the jury the question whether the proximity of the laundry created an additional hazard.

We have examined all the assignments of error and find merit in none.

Judgment affirmed.