# Marsh *v.* Dubuque Fire and Marine Insurance Co., Appellant.

*Insurance—Fire insurance—Proofs of loss—Waiver of requirement to file—Evidence—Case for jury.*

In an action of assumpsit on a fire insurance policy to recover for the loss of a quantity of hay, the defense was based solely on the ground that proofs of loss were not presented within the time required by the policy. There was evidence that defendant's adjuster had prompt notice of the loss; that he visited the place where the fire occurred and obtained measurements of the hay destroyed; and that he retained the insurance policy obtained from the plaintiff. There also was evidence that plaintiff was misled with respect to the importance of presenting proofs of loss by the action of defendant's agents.

Under such circumstances the case was for the jury on the question of waiver and a verdict for the plaintiff will be sustained.

Argued October 26, 1926. Appeal No. 13, October T., 1926, by defendant from judgment of C. P. Clearfield County, February T., 1925, No. 202, in the case of Zack Marsh v. Dubuque Fire and Marine Insurance Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit on fire insurance policy.  Before Chase, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,804 and judgment thereon.  Defendant appealed.

*Errors assigned* were the refusal of defendant's motion for judgment non obstante veredicto and the charge of the court.

*John C. Arnold,* of *Hartswick, Arnold & Platt,* for appellant.—The requirement of furnishing proofs of loss was not waived: Primo v. Ins. Co., 72 Pa. Superior Ct. 409; Davis v. Ins. Co., 74 Pa. Superior Ct. 92; Levinton v. Ins. Co., 267 Pa. 448; Hottner v. Ins. Co., 31 Pa. Superior Ct. 461; Kness v. Ins. Co., 31 Pa. Superior Ct. 521; Dunn v. Ins. Co., 34 Pa. Superior Ct. 245.

*John J. Pentz,* and with him *W. C. Pentz* and *Ross H. Pentz,* for appellee.—The evidence was sufficient to establish a waiver: Coursin v. Insurance Co., 46 Pa. 323; Bonnert v. Insurance Company, 129 Pa. 558; Pennsylvania Fire Insurance Co. v. Daugherty, 102 Pa. 568; Lebanon Mutual Fire Insurance Co. v. Erb, 112 Pa. 149; Jenkins v. Franklin Fire Insurance Company, 282 Pa. 380.

Opinion by Henderson, J., March 3, 1927:

The appellant assigns for error the refusal of the court to give binding instructions for the defendant and after a verdict for the plaintiff to enter judgment non obstante veredicto.  The action was brought on a policy of insurance given to the plaintiff to indemnify him against loss by fire on a quantity of hay stored in a large barn and shed attached thereto.  The policy was regularly issued, was in force at the time of the

fire, and the loss was total. No evidence was presented nor intimation made that the plaintiff's claim was not an honest one. No witnesses were called for the defendant. The action was resisted solely on the ground that proofs of loss were not presented within 60 days after the fire as provided in the policy. Immediately after the fire, the insured notified the local agent of the defendant of the loss; the latter notified the defendant, and information was given to the local agent and the insured that the case had been referred to an adjuster of the company at DuBois for adjustment. This agent soon afterward appeared at the scene of the fire, met the owner of the hay, and obtained from him the policy of insurance which he took away with him and retained. The local agent, acting for the insured, met the adjuster at different times and assured the plaintiff that his claim would be adjusted. The insured was unable to read and write and was depending on the local agent and Mr. Sprankle, a business man of good standing at DuBois, to complete a settlement of the claim. Sprankle and Shaffer, the agent, visited the adjuster at his office for that purpose. The latter said he was ready to settle and wanted Sprankle and Shaffer to make an estimate of the amount of hay which they did. There was a discussion in regard to the quantity of hay, but finally he said he would send in the estimate. He said he was ready to make a settlement with Marsh, but that he would have to come in and straighten it up. Soon thereafter Marsh and Sprankle went to the adjuster's office when the adjuster produced a paper to be signed by the insured which was called a waiver. Marsh did not understand the paper and Sprankle thought it was too technical for him to give advice about and considered it desirable that it be referred to some attorney. The adjuster said at one of these interviews that the time for filing proof of loss had expired, but the testimony of Mr. Shaffer put

the conversation with the adjuster at a time 40 or 50 or perhaps 60 days after the fire. There is no denial of the evidence on behalf of the plaintiff that Shaffer and Sprankle at the request of the adjuster made out and gave to him a measurement of the hay in the building and their method of ascertainment was described. Allowance was made of some tons of spoiled hay. Shaffer was familiar with the condition of the building and had knowledge of the quantity of hay actually there. The evidence was also uncontradicted that the adjuster finally accepted the measurement referred to and promised to forward it to the company. The retention by the agent of the policy and his subsequent conduct as described by the witnesses were competent evidence bearing on the contention of the plaintiff that there was a waiver of the exact terms of the policy as to the filing of proof of loss and when consideration is had of the subject of the insurance and the information possessed by the local agent of the company of the quantity of hay in storage, it is easily seen that the adjuster attached little or no value to the proof of loss as necessary information to the company to enable it to ascertain the extent of its responsibility. The adjuster had prompt notice of the loss and visited the place where the fire occurred to verify the statement of the plaintiff that his property was destroyed, and good faith required that the holder of the policy should be fairly treated. Considerations of public policy require that insurance companies deal with their patrons with fairness. No defense was apparent to the adjuster so far as the record discloses and no reason suggested why the claim should not have been paid. If after the inspection of the premises and the obtaining and retention of the policy by the adjuster and the negotiation of the local agent on behalf of the plaintiff with the adjuster for the determination of the amount of the loss, the insured was misled

with respect to the importance of proofs of loss, a case is presented which was properly submitted to the jury on the question of waiver. Knowledge of the amount of the loss is the substance of the requirement. The particular statement is but a means of ascertaining it, and if the company's representative adopted a method of ascertainment of the loss satisfactory to himself, there is no reason why the company should not be held to the effect of such action where a contrary course would entail a loss on an innocent policyholder: Jenkins v. Franklin Fire Insurance Co., 282 Pa. 380.

The appellee contends that inasmuch as the property insured was of one kind, of one quality, and in one mass, proof of loss was not required. Numerous cases are authority for the proposition as applied to a building, and in one case to a piano in a building: Livingston v. Boston Insurance Co., 255 Pa. 1. We deem it unnecessary however to discuss this aspect of the case in view of the conclusion heretofore reached.

The assignments are overruled and the judgment affirmed.