# Brink, Appellant, *v*. Lackawanna Mutual Fire Insurance Company.

*Insurance—Fire insurance—Policy—Interpretation of prohibition of other insurance—Permission—Agent—Authority.*

A fire insurance policy contained a provision that it should be void if other insurance were taken out, or if the property should be unoccupied for a period of over ten days. The plaintiff took out insurance in another company, and the premises were unoccupied on the date of the fire.

In an action on the policy it was proved that the plaintiff had applied to a local agent for leave to take out other insurance and for a vacancy permit, and that the policy had been returned to her with the oral statement that "it was all fixed up."

Under such circumstances, where the agent was not a general agent, and had no authority to grant the permit, the insurance company was not bound, and judgment was properly entered in favor of the defendant.

Argued March 9, 1927. Appeal No. 40, February T., 1927, by plaintiff, from judgment of C. P. Lackawanna County, January T., 1923, No. 1008, in the case of Jennie Brink v. Lackawanna Mutual Fire Insurance Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on policy of insurance. Before SMITH, P. J., 34th Judicial District Specially Presiding.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment of non-suit which it

subsequently refused to strike off. Defendant appealed.

*Error assigned,* was the judgment of the Court.

*George Morrow,* for appellant.—Where the insured acts in good faith and fully and fairly discloses all information desired by the company, the contract should be liberally construed in aid of the indemnity which the parties contemplated: Zoller v. Hartford Fire Ins. Co., 272 Pa. 386; Porter v. Insurance Company of N. America, 29 Pa. Superior Ct. 75; Bowman v. Mutual Insurance Company, 203 Pa. 150; Davis v. Home Insurance Company, 74 Pa. Superior Ct. 92; Brumbaugh v. Fire Insurance Company, 20 Pa. Superior Ct. 144.

The insurance company waived the requirements of the policy; First National Bank v. Home Insurance Co., 274 Pa. 129; Simons v. Safety Mutual Fire Ins. Co., 277 Pa. 200; Bush v. Hartford Fire Insurance Co., 222 Pa. 419.

*H. W. Mumford,* for appellee.

Opinion by Linn, J., April 22, 1927:

This was a suit on a fire insurance policy. The defenses were that without consent endorsed on the policy, the premises had been left vacant over ten days, that other insurance had been taken out without similar consent, and that the policy had been cancelled a few days before the fire. The first two were sustained and a non-suit was entered. The refusal to take off the non-suit and two rulings on evidence are assigned for error. The latter need not be discussed, for in this disposition of the appeal, it is immaterial whether appellant received the policy by mail (3rd assignment) or whether it was delivered to her by the alleged agent, Wardell, (4th assignment). The point

is whether defendant waived certain provisions in the policy, as plaintiff contends; if there was evidence of a waiver, her case was for the jury, otherwise not.

The defendant is a mutual insurance company. The policy, issued in 1919, provided that "........ no officer, agent, or other representative of this company shall have power to waive any provision or condition except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." See Robb v. Millers Mutual Fire Ins. Co., 230 Pa. 44, 48; Devaney v. Northwestern Ins. Co., 64 Pa. Superior Ct. 510, 515. It is also provided: "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto: (a) While the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. (f) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days."

Plaintiff concedes that she had also insured the same property in another company and that the premises were vacant from and after September 5, 1921, until the date of the fire, January 1, 1922. She called the president of the defendant company for cross-examination and proved that one, Wardell, was its agent authorized to receive applications for insurance; that he had no power to write insurance or countersign policies; that he was authorized simply to receive applications and present them to the company for such action as the company might then wish to take; that he had no power to grant vacancy or other insurance

permits, and that that power rested in the executive committee of the company alone.

Plaintiff testified that she applied to Wardell for leave to take other insurance and for a vacancy permit, and that he stated he would take the policy and "fix it up"; that afterward in August, 1921, he "handed me the policy and said it was all fixed up, that I could go ahead." She also said that she could not read and for that reason did not know whether proper endorsement had been made on the policy or not. Her daughter testified that she was present at the interview between plaintiff and Wardell, and corroborated the mother. This daughter was able to read, and had ample opportunity to read the policy, which remained in the plaintiff's possession.

The obvious difficulty was that plaintiff could not prove that Wardell had the authority necessary to support her contentions of waiver. As she was insured in a mutual insurance company, she was a member of it and was bound to be informed of its by-laws, rules and regulations: Mitchell v. Lycoming Ins. Co., 51 Pa. 402, 411. Wardell was no general agent; he had no power to write insurance or to countersign policies, a fact which distinguishes Davis v. Home Ins. Co., 74 Pa. Superior Ct. 92, and similar decisions relied on by appellant. While Wardell's statement to plaintiff when he handed her the policy that "it was all fixed up" was a statement of fact quite like that of the agent in Davis' case, Wardell had no authority to grant the permits desired, while the agent in Davis' case had such authority. The same element deprives her argument of the support sought in Simons v. Safety Mut. Fire Ins. Co., 277 Pa. 200, and Bowman v. Mutual Fire Ins. Co., 203 Pa. 150. In Simons' case, the agent had issued and countersigned the policy; in Bowman's case, it appeared that the insured dealt with the secretary of the insurer in the latter's office with the policy before them, and thereafter paid assessments.

Statements of unauthorized agents, like that made by Wardell, do not bind the insurer: Primo v. Safety Mutual Ins. Co., 72 Pa. Superior Ct. 409; Levinton v. Ins. Co., 267 Pa. 448, 453; Smith v. Mut. Fire Ins. Co., 31 Pa. Superior Ct. 29, 33; Devaney v. Ins. Co., supra.

The general power to waive is really not involved in the case; the point is that plaintiff produced no evidence to go to the jury to find that the agent Wardell had authority in the first place to do the thing she contends he did on behalf of the company, or that the company in any other way waived the necessity of doing; in fact, she proved affirmatively that there was no waiver.

Judgment affirmed.