Cocceolle *v.* Westchester F. Ins. Co., Appellant.

Argued April 23, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM and BALDRIGE, JJ.

*J. Earl Ogle, Jr.,* for appellant, cited: Hottner v.
Fire Insurance Co., 31 Pa. Superior Ct. 461; Edelson
v. Norwich Union Insurance Company, Ltd., 59 Pa.
Superior Ct. 379.

*B. A. Sciotto,* and with him *Peter P. Jurchak,* for
appellee.—An insurance company may waive the pro-
visions of its policy as to the time of filing proof and
this may be shown by parol: Simons v. Safety Mut.
Fire Ins. Co., 277 Pa. 200; Jenkins v. Franklin Fire
Ins. Co., 282 Pa. 380.

OPINION BY TREXLER, P. J., July 10, 1930:

The Westchester Fire Insurance Company issued a policy of fire insurance to Louis Cocceolle to cover his personal property situated in a building which he had rented. The building and contents were destroyed by fire on February 14, 1928. Plaintiff and his wife immediately after the fire notified the local agents of the company of the total loss of the personal property and submitted to them a list of the articles destroyed. The local agents sent the report to the insurance company which referred it to Lester, their manager, who mailed the list to the plaintiffs accompanied by a letter, the body of which reads as follows: "February 17, 1928. The enclosed list was forwarded to this office by Messrs. McMillen and Killens, and we are returning same direct to you and demand that you comply with the policy contract." (Signed) John L. Lester, Manager.

Eight days later the plaintiff wrote to Lester. "February 25, 1928. I received the letter the other day in which you said we comply with the policy contract so if we could get this settled because I am out of work and can't buy no furniture and I can't always stay at other peoples places so if you please answer soon to this letter. (Signed) Louis Cocceolle."

After the plaintiff and his witnesses were heard, the defendant moved for a compulsory non-suit for the reason "that there was a non-compliance on the part of the plaintiff with the contract of insurance." The trial judge declined to take this view and the defendant offered no testimony. The case was submitted to the jury who rendered a verdict in favor of the plaintiff for the amount of the policy, the loss being in excess of the insurance.

The question before us now is was there a waiver of the proof of loss on the part of the company? There is no doubt that there was notice of loss sent to the

130

local agents and that the company was apprised of the fact and also received a list of the articles destroyed. The purpose of this list, no doubt, was to give the company information as to the articles destroyed and might be considered by the jury as an attempt to do what the insured thought was required of him under the terms of the policy. When this list was returned to him by the so-called manager of the company, there was evident reluctance on his part to give the exact information as to what was wrong with the list. The demand that the insured should comply with the policy contract conveyed no particular information to the insured who was a man of limited education, as to what was required of him and his reply requested an answer which was never forthcoming. Fair dealing would require that the information which the plaintiff sought should have been furnished. We quote from the case of Jenkins v. Franklin Fire Insurance Co., 282 Pa. 380, in which on page 384, Justice SCHAFFER has this to say, ''Upon receiving proofs of a loss, furnished by the assured, in an attempt to comply with the requirements of his policy, it is the duty of an insurance company to examine them, and if they be found objectionable, to return them, pointing out the particular defects therein: Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73, 89.''

The defendant cites several cases. In Primo v. Safety Mutual Fire Ins. Co., 72 Pa. Superior Ct. 409, the insured relied upon a verbal promise made by the local agent that he need do nothing until he heard from him. In the case of Edelson v. Norwich Un. F. I. Co., 59 Pa. Superior Ct. 379, no attempt was made to furnish the proof of loss. In Brink v. Lackawanna Mut. F. I. Co., 90 Pa. Superior Ct. 527, the question was the authority of the local agent to waive proof of loss. These cases do not apply. In the case before us there is no question that the list of articles

sent in by the plaintiff was received by the company. Under the facts which appear, the jury was warranted in finding that there was a waiver by the company of further proof of loss.

The judgment is affirmed.