## CHICAGO FIRE & MARINE INS. CO. v. HERRING.

### No. 3896.

Court of Civil Appeals of Texas. Amarillo. Oct. 19, 1932.

Rehearing Denied Nov. 23, 1932.

Bean & Duggan, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

MARTIN, J.

Appellee held a fire insurance policy with appellant for $3,500 on a dwelling house located in Mexia, Tex. While the policy was in force, a fire occurred which partially destroyed this building. Appellee claimed damages of $946.48. An adjuster representing appellant, after investigating the loss, executed a written agreement with appellee, reading in part as follows: "And by way of a compromise it is hereby stipulated and agreed that the sound cash value of said insured property immediately preceding the loss and the total loss and damage thereto are as follows: $750.00. * * * Said Insurance Company shall not be held or deemed to have waived any of its rights in the premises nor waived formal proofs of loss."

Appellant having refused to make payment, appellee filed suit, pleading the terms of his policy and that formal proofs of loss had been waived.

The issues submitted to the jury having been found against appellant, judgment was entered for appellee for $750.

■ Certain testimony offered in proof of the waiver pleaded was objected to, among other reasons because it tended to contradict and vary the terms of the written contract mentioned above in that it was therein stipulated that formal proof of loss was not waived, it being claimed that all prior and contemporaneous statements of parties to same were inadmissible to vary its terms. A sufficient answer to this is found in the following answer of the witness to which the above objection was lodged: "Well, after this agreement was signed and the $750.00 was agreed on as the amount they were to pay me, I asked Mr. Goodwin and Mr. Cox if there was any further papers that they required me to sign, that I was leaving the next morning for Lubbock and it was about five hundred miles out there and I didn't want to have to come back down there to sign any papers and if there was any other papers that they wanted, I wanted to sign them then, and they both told me that there was not nothing else necessary; they said, 'that is all that is necessary and now you can go ahead and repair your house.' "

■ We are further of the opinion that there was evidence to support the pleaded defense of a waiver of formal proofs of loss, which it affirmatively appears was never made by appellee.

■■ That such provision may be waived is too well settled to require the citation of authorities. The courts are reluctant to declare a forfeiture on this ground alone. Continental Ins. Co. v. Nabors (Tex. Civ. App.) 6 S.W.(2d) 151, 155, and authorities there cited. Generally it may be stated that a formal proof of loss may be waived by the insurer lulling the insured into believing that such will not be required. 26 C. J. 396; Jenkins v. Franklin Fire Ins. Co., 282 Pa. 380, 127 A. 836.

We are not completely convinced that the evidence objected to necessarily contradicted the terms of the instrument above quoted; such purported only, if fairly construed, perhaps, to protect the insurer against a waiver of formal proof of loss arising from the fact that it had signed this instrument agreeing on the cash value of the property. It seems doubtful if it was sufficiently broad to cover a waiver based upon any and all other causes. It is, however, not necessary to specifically decide this.

The quoted statement appearing to have been made subsequent to the signing of the

instrument in question was admissible. Believing the evidence sufficient, the judgment is affirmed.